determination that the maximum rate fixed by Laws of 1906, chapter 125, as amended by Laws of 1916, chapter 604,* as to this defendant, was confiscatory, unconstitutional and void, had defendant the power of itself to fix a rate of one dollar and forty cents per 1,000 cubic feet, and to enforce same as against local consumers like the plaintiff?    Present — Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ.

GERALD MORRELL, Respondent, v. BROOKLYN BOROUGH GAS COMPANY, Appellant.    (Appeal No. 2.) — Motion for leave to appeal to the Court of Appeals granted, and this court certifies the following questions of law: (1) Had the city of New York any interest in this cause of action?    (2) Is the city of New York a proper party so that the court at Special Term had power to grant its application to be joined as a party plaintiff herein? Present — Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ.

GERALD MORRELL, Respondent, v. BROOKLYN BOROUGH GAS COMPANY. Appellant.    (Appeal No. 3.) — Motion for leave to appeal to the Court of Appeals granted, and this court certifies the following question of law: Does the complaint state facts sufficient to constitute a cause of action? Present — Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ.

ROSE M. PALMER and LILLIAN PALMER, Appellants, v. ROTARY REALTY COMPANY, INC., and Others, Respondents.— Motion denied, the recitals of the order being correct, without costs.    Present — Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ.

R. NELSON SPATES, Respondent, v. HARRY H. MOSES, Appellant.— Motion denied, without costs.    Present — Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ.

LULU WHITE, Formerly LULU FANNING, Respondent, v. JOHN W. FANNING, JR., Appellant.— Motions denied.    Present — Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ.

ROBERT L. FORBES, Respondent, v. MYRA C. HARRIS, Appellant.— Judgment and order of the City Court of New Rochelle affirmed, with costs.    No opinion.    Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

SOLOMON FROMM, Respondent, v. GAETAN AJELLO, Appellant.— Order of the County Court of Kings county sustaining demurrer reversed, and the demurrer overruled, with ten dollars costs and disbursements.    The counterclaim, if proved in its full extent and meaning, would give defendant the right to recover at least the expenses which defendant had incurred and which plaintiff is alleged to have agreed to supply.    The fact that defendant claims a large amount of damages, which he probably will not be able to establish at the trial, is no reason for sustaining a demurrer to the counterclaim.    Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

KATIE HART, an Infant, by MARY WOLF, Her Guardian ad Litem, Respondent, v. JAMES HERVEY HART, Appellant.— Order affirmed, with ten dollars costs and disbursements.    The power to refer such incidental questions

---

*Amd. by Laws of 1917, chap. 666.— [REP.